## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA,      )<br>                                                                )<br>                   Plaintiff,                           )<br>                                                                )<br>                     -vs-                                  )          CIV-24-848 G<br>                                                                )<br>2) $10,000.00 IN UNITED STATES    )<br>     CURRENCY,                                    )<br>                                                                )<br>                   Defendant.                         ) | |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

### NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges for this *in rem* forfeiture action brought against United States currency in the amount $10,000.00 ("Defendant Currency") that Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

### THE DEFENDANT *IN REM*

2. Defendant Currency consists of $10,000.00 in United States Currency seized by the United States Postal Inspection Service ("USPIS") during execution of a search warrant at 909 Court Avenue, Apartment A, in Clinton, Oklahoma, on March 7, 2024. This residence is within the Western District of Oklahoma.

3. Defendant Currency is currently in the custody of the United States Marshals Service (USMS) within the Western District of Oklahoma, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

4. On May 22, 2024, Shanicia Carter ("Carter") filed a claim of ownership to Defendant Currency with the USPIS to contest the administrative forfeiture of the Defendant Currency.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit and condemn Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over Defendant Currency according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

7. Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States alleges that Defendant Currency is subject to forfeiture to the United States because it is the proceeds of criminal activity. Specifically, the United

States alleges that Defendant Currency is forfeitable to the United States under 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C §§ 841 and 846.

9. Title 21, United States Code, Section 881(a)(6) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

10. Title 21, United States Code, Section 841 makes it a crime for any person to knowingly possess a controlled substance with intent to distribute that controlled substance.

11. Title 21, United States Code, Section 846 makes it a crime to conspire to violate a provision of Title 21. That is, Section 846 provides that any person who attempts or conspires to commit any offense defined in that subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## **FACTS**

12. On December 8, 2023, the agents with the USPIS Oklahoma City Domicile intercepted a U.S. Mail parcel destined for Post Office ("P.O.") Box 411, Clinton, Oklahoma. Investigators obtained and executed a search warrant for the parcel, which was found to contain approximately 1,029 grams of cocaine. Additional investigative efforts

revealed that P.O. Box 411 was assigned to Joseph Perkins ("Perkins") residing at 909 Court Avenue, Apartment A, Clinton, Oklahoma.

13. On February 21, 2024, agents with the USPIS Oklahoma City Domicile intercepted a U.S. Mail parcel destined for P.O. Box 1696, Clinton, Oklahoma. Investigators obtained and executed a search warrant for the parcel, which was found to contain approximately 1928 grams of methamphetamine. Additional investigative efforts revealed that P.O. Box 1696 was assigned to Donna Harrington ("Harrington") residing at 220 S. 2nd Street, Clinton, Oklahoma. Harrington advised investigators that Perkins paid her to rent P.O. Box 1696 and give him the keys to access it.

14. Perkins was arrested on March 7, 2024, at 909 Court Avenue, Apartment B, Clinton, Oklahoma during a controlled delivery operation where approximately 50 pounds of methamphetamine was recovered. His cell phones were seized as evidence. Perkins agreed to an interview where he admitted to having a person in California named "Big Dawg" mail drugs to him at P.O. Boxes 411 and 1696 in Clinton, Oklahoma. When asked what kind of drugs Big Dawg sends, he replied "coke, ice (meth), and all kinds." Perkins also admitted to paying a girl $100.00 to rent P.O. Box 1696 and give him the keys.

15. Law enforcement obtained search warrants for both Apartments A and B at 909 Court Avenue. During the execution of the search warrant execution at Perkins' residence, Apartment A, investigators located items indicating his dominion and control throughout, as well as numerous blank United States Postal Service ("USPS") envelopes, shipping labels, and a money counter. They also found a small black safe in an upstairs bedroom, which was found to contain approximately 576 grams of methamphetamine,

approximately 91 grams of cocaine, approximately 177 grams of counterfeit M-30 pills containing fentanyl, and $10,000.00 in U.S. currency wrapped into bundles with multi-colored rubber bands ("Defendant Currency").

16. Law enforcement also obtained a search warrant for the contents of the cell phone seized from Perkins at the time of his arrest on March 7, 2024.[1] Examination of the phone was completed on May 15, 2024, revealing images of shipping envelopes like those found in his residence as well as a photograph that appeared to depict packaged narcotics. Other images included the meeting location (Domino Fuel Stop) where Perkins obtained the methamphetamine during the controlled delivery prior to his arrest.

17. Investigators also observed a text message exchange between Perkins and "Big Dawg" using the WhatsApp messaging platform referencing P.O. Boxes 411 and 1696 in Clinton, Oklahoma and expressing concern regarding the two missing parcels seized at the beginning of the investigation. Perkins also provided photos of tracking information to "Big Dawg" for these parcels.

18. Additional information in this WhatsApp conversation indicated that Perkins would be mailing "Big Dawg" $10,000.00 in cash as payment for the drugs. Perkins provided "Big Dawg" with photos of U.S. currency bundled together with multi-colored rubber bands, as well as an image of the money inside a clear bag labeled "10 K," and a USPS receipt with tracking number.

19. On May 31, 2024, a one-count Information was filed in the Western District of Oklahoma charging Perkins with his participation in a drug conspiracy on or about

---

[1] Perkins also provided written consent to search his cell phone.

March 7, 2024, in violation of 18 U.S.C. § 846, the same conduct described *supra*. *United States v. Perkins*, CR-24-219-J, Doc. 31 (W.D. Okla. May 31, 2024). On June 17, 2024, Perkins appeared before the Honorable Bernard L. Jones of the United States District Court for the Western District of Oklahoma and entered a plea of guilty to the single count alleged in the Information. *See id.*, Docs. 36-41. In his plea petition, Perkins averred that "[o]n March 7, 2024, [he] conspired to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in Clinton, Oklahoma, in the Western District of Oklahoma," and further that "[t]here was interdependence among the members of the conspiracy." *Id.,* Doc. 37 at 11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in Defendant Currency; that Defendant Currency be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ Danielle M. Connolly
DANIELLE M. CONNOLLY
Assistant United States Attorney
Oklahoma Bar Number: 33148
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
Office: (405) 553-8700
Fax: (405) 553-8888
danielle.connolly@usdoj.gov